Sandford, J., (after advising with his associates,)
directed the parties to submit to the examination. He said, it is difficult to give any satisfactory operation to the word “ conditionally,” in the 390th section of the amended code. It clearly does not mean that the party cannot be examined before the trial, when residing here, in no other cases than those in which a witness may be examined conditionally by the revised statutes ; because the 391st section is positive and express, that the examination may be had before the trial, at the option of the party claiming it. Moreover, an examination at the trial, does not seem to be contemplated, after such an examination as that now ordered. This proceeding is expressly instead of being had at the trial,” and the examination may be read by either party on the trial. (§ 392.) The object which the commissioners on practice and pleadings had in view, in reporting what is now section 391, can only be attained by giving to it the construction for which the plaintiff contends. The examination before the trial, was designed to aid parties in preparing for trial; irrespective of the residence of the party sought to be examined, or the probability of his being able to attend the trial. (Commissioners First Report, 1848, pages 244, 245.) The 290th section contains in a condensed form, the provisions of the first section of the act of December, 1847, authorizing parties to examine their opponents as witnesses. (Laws of 1847, Ch. 462, page 630.) In adding the further provisions contained in section 391, the function of *669 the word “ conditionally,” was in a great measure, if not wholly superseded.
Order accordingly.
In Taggard v. Gardner, in December 1849, the plaintiff had given the defendant, who resided in the city of New York, five days notice, requiring him to appear before a justice of this court at chambers, and be examined previous to the trial, as a witness in the cause. No order of the court had been obtained for that purpose, but the defendant was regularly supoenaed to attend at the time and place specified in the notice, and was paid his fees for attending as a witness. The defendant denied the right of the plaintiff to compel him to testify in this manner, and insisted that an order of the court was indispensable.
Sandford, J., (after conferring with the Chief Justice and Vanderpoel, J.,)
decided that the plaintiff’s proceeding was regular, and the defendant must submit to the examination. He said a previous order from a justice of the court was not necessary, unless a shorter time than five days be for some cause desirable and proper. If the party notified and subpoenaed, having a reasonable time given to him, fail to attend, he will be liable to punishment as for a contempt of court.